# In the United States Court of Federal Claims

No. 13-459 C
Filed: December 9, 2013
NOT TO BE PUBLISHED

VITTI & VITTI & ASSOCIATES, P.C.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2675;
Jurisdiction, 28 U.S.C. § 1491(a)(1) (Tucker Act);
28 U.S.C. § 1631 (Transfer).

RECEIVED
DEC [illegible]
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**Louis P. Vitti,** Vitti & Vitti & Associates, P.C., Pittsburgh, Pennsylvania, Counsel for Plaintiffs.

**Stuart F. Delery,** United States Department of Justice, Assistant Attorney General, Washington, D.C., Counsel for the Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN,** *Judge.*

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

The Pennsylvania Housing Financing Agency ("PHFA") has a contractual relationship with the United States Department of Veteran's Affairs ("VA") to service mortgages guaranteed by the VA. Am. Compl. ¶ 8. Pursuant to this contract, when a PHFA property becomes the subject of a foreclosure, the VA purchases the property from the PHFA and sells it. Am. Compl. ¶ 12. If marketable title cannot be obtained, the VA's purchase is "conditional" and the property may be returned to the PHFA and the PHFA is required to refund the VA's guarantee. Am. Compl. ¶¶ 13–14.

Vitti & Vitti & Associates, P.C.,[2] Louis P. Vitti and Edith Moen Vitti (hereinafter "Plaintiffs") represent the PHFA when foreclosure of these properties occurs. Am. Compl. ¶ 9.

[1] The relevant facts discussed herein were derived from the July 22, 2013 Amended Complaint, filed in the United States Court of Federal Claims.

Under a separate agreement between Plaintiffs and PHFA, if a property is returned to the PHFA by the VA, Plaintiffs are required to indemnify the PHFA for any loss incurred. Am. Compl. ¶ 15.

This case concerns a property located at 2116 Walton Avenue in Pittsburgh, Pennsylvania, that was appraised at and purchased by the VA for $48,000. Am. Compl. ¶¶ 19–20 Ex. A at 1 (Uniform Residential Appraisal Report). On October 10, 2009, the PHFA initiated a foreclosure of this property that resulted in a sheriff's sale. Am. Compl. ¶ 11. Because of a title defect, the VA subsequently returned the property to the PHFA. Am. Compl. ¶ 17. Thereafter, title was resolved and the property was reconveyed to the VA. Am. Compl. ¶ 18. During the time the property was under the VA's control, it was vandalized. Am. Compl. ¶ 33.

On May 24, 2012, the VA denied an administrative tort claim, concerning the property damage, filed by Plaintiffs. Am. Compl. ¶ 34 & Ex. E.

On July 22, 2013, Plaintiffs filed an Amended Complaint in the United States Court of Federal Claims[3] alleging that the VA negligently allowed the 2116 Walton Avenue to be vandalized when it was subject to the VA's care and control. Am. Compl. ¶¶ 37, 43. The VA also failed properly to "exercise their duties and responsibilities" and as such breached its contract with PHFA. Am. Compl. ¶ 43.

On September 20, 2013, the Government filed a Motion To Dismiss. On September 30, 2013, Plaintiffs filed a Response. On November 4, 2013, the Government filed a Reply.

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See*

---

[2] Successor in interest to Louis P. Vitti & Associates, P.C.

[3] At the Plaintiffs' request, the United States District Court for the Western District of Pennsylvania transferred a March 12, 2013 Amended Complaint to this court, pursuant to 28 U.S.C. § 1631. ECF Docket No. 1 (July 5, 2013). The Government did not oppose the transfer.

*Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C. The Government's September 20, 2013 Motion to Dismiss.

#### 1. The Government's Argument.

The Government argues that the court does not have subject matter jurisdiction over the claims alleged in Count I of the Amended Complaint (Negligence), as they sound in tort. Gov't Mot. 7. As to the allegations in Count II of the Amended Complaint (Breach of Contract), Plaintiffs do not have privity with the United States, thereby depriving the court of jurisdiction. Gov't Mot. 8–9.

#### 2. The Plaintiff's Response.

Plaintiffs respond that the claims alleged in Count I of the July 22, 2013 Amended Complaint are based on the Federal Tort Claims Act.[4] Pls. Resp. 11. In addition, Plaintiffs respond that the breach of contract claims alleged in Count II of the Amended Complaint are based on a contract with the Government, but none is cited. Pls. Resp. 11.

---

[4] The Federal Tort Claims Act gives the United States District Courts "exclusive jurisdiction" for losses caused by negligence on the part of an employee of the United States acting "within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2675 (requiring that tort claims against the Government be first presented to the appropriate agency).

**3. The Court's Resolution.**

Count I of the July 22, 2013 Amended Complaint alleges that the VA was negligent in maintaining the property at issue. Am. Compl. ¶ 37. The Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), provides that the Government can be sued for claims sounding in tort; the United States Court of Federal Claims, however, does not have jurisdiction to adjudicate such claims. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim . . . for liquidated damages . . . in cases *not sounding in tort*." (emphasis added)). Instead, United States District Courts are the proper forum. *See* 28 U.S.C. § 1346(b)(1). Accordingly, the claims alleged in Count I of the July 22, 2013 Amended Complaint must be dismissed for a lack of jurisdiction.[5]

As a matter of law, for the Government to be sued under the Tucker Act, there must be privity of contract with a plaintiff. *See Chancellor Manor v. United States*, 331 F.3d 891, 899 (Fed. Cir. 2003) ("[The United States Court of Appeals for the Federal Circuit] has consistently held that for the government to be sued on a contract pursuant to the Tucker Act, there must be privity of contract[.]") (citing *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998)). When a third party is neither a party to the contract nor a third-party beneficiary, as a matter of law, privity cannot be established. *See Castle v. United States*, 301 F.3d 1328, 1339 (Fed. Cir. 2002) (holding that parties who "neither negotiated with, nor promised any performance to, the government" did not have standing to sue the Government under a contract claim due to a lack of privity). In this case, the alleged contract is between the VA and the PHFA. Am. Compl. ¶ 8. Plaintiffs, however, are not a party to that contract and therefore privity cannot be established. Accordingly, the court does not have jurisdiction to adjudicate the claims alleged in Count II of the July 22, 2013 Amended Complaint.[6]

---

[5] In Plaintiffs' Response, they contend that the VA's actions also violated a trust relationship. Pls. Resp. 11 ("During the period of time when the Defendant was in possession of the real estate . . . a trust relationship occur[ed].") Assuming *arguendo* that this allegation is true, that fact does not affect the jurisdiction of the United States Court of Federal Claims. *See Cleveland Chair Co. v. United States*, 557 F.2d 244, 246 (Fed. Cir. 1977) (holding that breach of fiduciary duty claim must be based on a contract for jurisdictional purposes).

[6] Plaintiffs also request a declaratory judgment (Count III). Am. Compl. ¶¶ 44–47. Because the court does not have jurisdiction to adjudicate the underlying claims, the court similarly does not have jurisdiction over Count III.

## III. CONCLUSION.

For these reasons, the court grants the Government's September 20, 2013 Motion. Accordingly, the Clerk will dismiss Count II of the July 22, 2013 Amended Complaint in the United States Court of Federal Claims, without prejudice, and transfer Counts I and III of that Complaint to the United States District Court for the Western District of Pennsylvania for final disposition, pursuant to 28 U.S.C. section 1631.[7]

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

ECF
DOCUMENT
A TRUE COPY
TEST
Hazel C. Keahey
Clerk, U.S. Court of Federal Claims
By
Deputy Clerk

[7] When a court determines that it does not have jurisdiction to hear an action or appeal, section 1631 provides for transfer "to any other court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.